# Courtors, et al. v. Jennings.

The Justice is without jurisdiction where the summons is made returnable in less than five days, the record not showing that defendant was not a resident of the County nor that he appeared at the time fixed for hearing.

The Justice is without jurisdiction where the record fails to show when the judgment was rendered or that anyone was sworn on the day of hearing.

JURISDICTION—LONG SUMMONS—SHORT SUMMONS—PLAINTIFF NOT SWORN.

No. 2, June Term, 1902, C. P. of Pike County.

Certiorari to Edwin Howell, J. P.

B. F. Killam, Esq., for defendant in error.

Opinion by WILTON A. ERDMAN, P. J., March 20, 1903.

Justice's transcript was in part as follows: Summons issued April 21, 1902, returnable April 24, 1902, between the hours of

Courtors et al. v. Jennings.

11 a. m. and 12 m. Action of debt and damages against a ten-ant on an account, and damages for loss of a cow and a horse. Judgment by default against the defendant for $105.18 and costs.

## EXCEPTIONS:

The record does not show the jurisdiction of the Justice.

The record shows the time given in the summons from the date of issue to return day is not sufficient.

The record shows summons served April 22, 1902, return-able April 24, 1902.

The record does not show any witnesses were examined under oath.

The record does not show the time of the day that judgment was rendered, etc.

## OPINION:

We do not deem it necessary to consider seriatim the ten exceptions filed to this judgment. The record is fatally defective in many respects. There is nothing on the record to show that the Justice had jurisdiction of the person of the defendant. The summons was made returnable in less than five days and the record does not show that the defendant was not a resident of the county or that he appeared at the time fixed for hearing. The record also fails to show when judgment was rendered or that any one was sworn on day of hearing. It is true that there was returned to the Court what is called a "complaint," which was sworn to, but the record does not show that a copy was served on the defendant. There are other errors in the record equally fatal.

And now, March 20, 1903, the proceedings before the Justice in the above case are reversed and judgment is given for the de-fendant with costs.

Reported by Geo. R. Bull, Esq.,
Milford, Pa.